UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENEE H.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C20-5485-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions and in discounting her testimony. (Dkt. # 21 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1979; has a GED and training as a certified nursing assistant, dental hygienist, and emergency medical technician; and has worked as a substitute school assistant, dental assistant, office manager, sales associate, telemarketer, and server. AR at 289, 1230-31, 1233-34. Plaintiff was last gainfully employed in January 2012. *Id.* at 289.

In April 2015, Plaintiff applied for benefits, alleging disability as of November 1, 2011.[1] AR at 259-65. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 196-202, 206-14. After the ALJ conducted a hearing in March 2017 (*id*. at 95-139), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 31-51.

The Appeals Council denied Plaintiff's request for review (AR at 1-7), and the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. *Id.* at 1317-24. A different ALJ held a hearing on remand (*id*. at 1205-88), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 1157-86.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: chronic pain syndrome, bilateral plantar fasciitis, bilateral Achilles tendinitis, bilateral lateral epicondylitis, bilateral carpal tunnel syndrome, left shoulder impingement syndrome, hypersomnia/narcolepsy, obesity, major depressive disorder/mild bipolar disorder, panic disorder with agoraphobia, unspecified psychotic disorder, and attention deficit hyperactivity disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she can stand and/or walk for two hours in an eight-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and occasionally climb ramps or stairs. She can frequently finger and feel bilaterally. She can occasionally reach overhead bilaterally. She must avoid concentrated exposure to vibrations. She must avoid even moderate exposure to hazards. She can perform simple, routine tasks. She can have no contact with the public. She can have occasional superficial contact with coworkers.

---

[1] Due to the operation of a prior administratively final denial of benefits, the ALJ adjudicated a period beginning with Plaintiff's application date. *See* AR at 1158.
[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

1

Step four: Plaintiff cannot perform past relevant work.

2

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

3

AR at 1157-86.

4

5

Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.    LEGAL STANDARDS

6

7

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

8

9

10

11

12

13

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

14

15

16

17

18

19

20

21

22

23

# IV.    DISCUSSION

## A.    The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of four opinions written by examining psychologists, and one opinion written by a treating nurse. The Court will address each disputed opinion in turn.

### 1.    *Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[4] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Less weight may be assigned to the opinions of other non-acceptable medical sources, such as nurses. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of such opinions (Social Security Ruling 06-3p), and the ALJ may discount the evidence by providing reasons germane to each source. *Molina*, 674 F.3d at 1111 (citing *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

//

---

[4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

2.      *The ALJ Did Not Err in Discounting Dr. Weiss's Opinion*

Peter Weiss, Ph.D., examined Plaintiff in February 2015 and completed a DSHS form opinion and narrative report regarding her symptoms and limitations. AR at 616-22. The ALJ summarized Dr. Weiss's opinion and found some of it to be consistent with the record, but discounted the marked to severe limitations that Dr. Weiss described, finding that part of the opinion to be inconsistent with Plaintiff's activities (caring for children, performing activities of daily living, remodeling a bathroom, and traveling out of state) and based on Plaintiff's exaggerated or inconsistent self-reporting. *Id.* at 1179-80. The ALJ referred to specific exaggerations/inconsistencies listed earlier in the decision: Plaintiff told Dr. Weiss that her problems were primarily medical rather than mental (*id.* at 616); Plaintiff did not describe to Dr. Weiss how she cared for multiple children during the day (*id.* at 617); Plaintiff told Dr. Weiss that she did not perform any chores or socialize (*id.*), even though other evidence in the record shows that she does. *See id.* at 1175.

Plaintiff argues that the ALJ's reasons for discounting Dr. Weiss's opinion were not specific and legitimate. First, Plaintiff argues that the activities cited by the ALJ do not undermine Dr. Weiss's opinion. (Dkt. # 21 at 8.) It may be that Plaintiff's childcare or bathroom remodeling activities do not directly undermine Dr. Weiss's opinion, but the ALJ noted that evidence in the record undermines Plaintiff's report to Dr. Weiss that she performed no housework chores (AR at 1175 (citing *id.* at 283, 329)). Furthermore, Plaintiff reported to Dr. Weiss that she avoided public places and did not socialize with anyone other than her family, yet the record showed that she did shop in public, attend church, socialized with others, traveled out of state, and visited a casino. *See id.* at 331, 938, 1679, 1689, 1947, 1951, 2849, 2854. The ALJ reasonably found that these activities were inconsistent with Plaintiff's report to Dr. Weiss, and

thus undermined the foundation of his opinion. The ALJ did not err in discounting Dr. Weiss's opinion on this basis. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity); *Calkins v. Astrue*, 384 Fed. Appx. 613, 615 (9th Cir. June 17, 2010) ("[A]n ALJ must be permitted to discount an opinion based principally upon a claimant's self-reporting if the record contains objective evidence that the self-reporting is not credible.").

Plaintiff goes on to challenge the ALJ's other reasons for discounting Dr. Weiss's opinions: Plaintiff contends that Dr. Weiss did not find that Plaintiff's statements were exaggerated. (Dkt. # 21 at 8.) But the ALJ did not find to the contrary, and instead herself found that Plaintiff made exaggerated or inconsistent statements to Dr. Weiss, when her reports to Dr. Weiss are compared to the remainder of the record. AR at 1179-80. That Dr. Weiss was perhaps unaware of Plaintiff's inaccurate reporting does not undermine the ALJ's reasoning.

Plaintiff goes on to contend that Dr. Weiss's opinion was corroborated by other opinions, and that her psychological condition deteriorated during the period. (Dkt. # 21 at 9-10.) Neither of these arguments shows error in the ALJ's decision, because the ALJ did not discount Dr. Weiss's opinion based on contradictory opinions, nor did she not discount Dr. Weiss's opinion as inconsistent with evidence of Plaintiff's improvement. Because the ALJ's stated reasons to discount Dr. Weiss's opinion are specific and legitimate, the Court affirms the ALJ's assessment of Dr. Weiss's opinion.

3.    *The ALJ Did Not Err in Discounting Dr. Wheeler's Opinions*

Dr. Wheeler examined Plaintiff in 2017, 2018, and 2019, and on each occasion completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 1721-26, 2431-35, 2476-80. The ALJ summarized Dr. Wheeler's conclusions and noted that she had

the opportunity to examine Plaintiff multiple times. *Id.* at 1181-82. The ALJ found that Dr.

Wheeler's checkbox limitations were somewhat consistent with the overall record and reflected

Plaintiff's minimal treatment, but the ALJ discounted the marked and severe limitations

indicated in light of Plaintiff's exaggerated/inconsistent self-reporting to Dr. Wheeler, as well as

Plaintiff's activities that were inconsistent with Dr. Wheeler's conclusions. *Id.* at 1182.

Plaintiff notes that the ALJ's reasons to discount Dr. Wheeler's opinions were the same

reasons the ALJ provided to discount Dr. Weiss's opinion (dkt. # 21 at 13), and the Court finds

them sufficient for the same reasons explained *supra* with respect to Dr. Weiss's opinion.

Although some of the activities cited by the ALJ may not directly contradict Dr. Wheeler's

conclusions, Plaintiff's ability to manage her household with multiple children, complete her

activities of daily living, and travel out of state are reasonably inconsistent with the limitations

described by Dr. Wheeler. Plaintiff did not disclose her responsibilities related to children nor

her ability to complete her self-care activities in the description of her daily activities she

provided to Dr. Wheeler (AR at 1722, 2453, 2477), and Plaintiff's out-of-state travel is

inconsistent with the social deficits/limitations Dr. Wheeler described (*id.* at 1722, 2432, 2477).

Furthermore, the ALJ detailed all of Plaintiff's inaccurate self-reporting to Dr. Wheeler,

earlier in the decision. AR at 1175-76 (referencing Plaintiff's reporting experiencing

hallucinations for the past 10 years in 2019, but denying hallucinations at the 2017 and 2018

examinations; Plaintiff's exaggerated description of social isolation in 2017 and 2018; Plaintiff's

inaccurate reporting in 2018 as to why she stopped working as a substitute teacher). The ALJ

reasonably found that Plaintiff's inaccurate reporting to Dr. Wheeler undermined the foundation

of Dr. Wheeler's opinions and properly discounted the opinions on that basis. *See Rollins*, 261

F.3d at 856; *Calkins*, 384 Fed. Appx. at 615.

4. *The ALJ Did Not Err in Discounting Ms. Henry's Opinion*

Plaintiff's treating nurse Kathleen Henry, ARNP, completed a form opinion in January 2015 describing Plaintiff's diagnoses and limitations, and indicating that Plaintiff was limited to sedentary work. AR at 592-94. The ALJ noted that Ms. Henry did not perform a physical examination at the time she completed her opinion, and the ALJ found Ms. Henry's conclusions to be inconsistent with Plaintiff's conservative treatment history for her physical complaints, her many normal physical findings, and her activities (caring for her children, completing her activities of daily living, remodeling the bathroom, and traveling out of state). *Id.* at 1179.

Plaintiff argues that the ALJ's reasons were not germane because Ms. Henry's conclusions were consistent with the opinions of Drs. Wheeler and Weiss, and Ms. Henry did not overly rely on self-reporting. (Dkt. # 21 at 16.) Plaintiff also disputes whether her treatment was conservative, pointing to her prescription for opioid medication. (*Id.*) Plaintiff also contends that her daily activities do not necessarily contradict Ms. Henry's opinion because they could be performed at her own pace. (*Id.* at 16-17.)

Plaintiff has not shown that the ALJ erroneously assessed Ms. Henry's opinion. Plaintiff does not dispute that Ms. Henry's opinion was not based on a physical examination, as the ALJ noted, and this lack of foundation is a germane reason to discount Ms. Henry's conclusions. Furthermore, the ALJ pointed to normal physical findings in the record as inconsistent with Ms. Henry's opinion, and the opinions of Drs. Weiss and Wheeler do not pertain to Plaintiff's physical functioning.

Next, the record does contain some reference to opioid medication (AR at 2692-93, 2713-14, 2717-18, 2721-22) in a list of medications, but Plaintiff has not cited any treatment note where she was prescribed opioid medication during the adjudicated period. Instead, the treatment

notes that include opioid medications in a summary list of Plaintiff's medications discuss conservative treatment options for Plaintiff's foot and ankle issues. *See id.* at 2692-93, 2713-14, 2717-18, 2721-22. The ALJ discussed Plaintiff's treatment history in detail earlier in the decision and explained why she found Plaintiff's treatment to be conservative. *Id.* at 1165-74. Plaintiff has not shown that the ALJ erred in characterizing her treatment for physical complaints as conservative, or in discounting Ms. Henry's opinion on this basis.

Lastly, as to Plaintiff's activities, although Ms. Henry described Plaintiff as unable to concentrate and limited in her ability to "exert herself physically" (AR at 592), these limitations are reasonably inconsistent with her ability to care for multiple children, complete her daily activities, and remodel a bathroom. This inconsistency is another germane reason to discount Ms. Henry's opinion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Plaintiff attempts to focus only on Ms. Henry's mental findings and apparently does not dispute that the ALJ properly discounted her physical findings (dkt. # 23 at 5-6); however, Plaintiff's argument to the Court in the reply brief that "[t]his is a mental case only" (dkt. # 23 at 5) does not transform this case into a mental case only. The record is replete with Plaintiff's complaints to treatment providers, examining providers, and Social Security employees regarding physical limitations, and indeed, Ms. Henry opined that Plaintiff had physical diagnoses and limitations. Any attempt to abandon those allegations now does not suggest that the ALJ erred in discounting Ms. Henry's opinion because, *inter alia*, the physical limitations she described were inconsistent with the record.

**B.     The ALJ Did Not Err in Discounting Plaintiff's Testimony**

The ALJ's evaluation of Plaintiff's testimony spans approximately fifteen pages in the

1    decision, and the ALJ explained that she discounted Plaintiff's subjective allegations because (1)

2    Plaintiff's physical complaints either improved with treatment or were treated only

3    conservatively; (2) normal or largely normal objective findings in the record contradicted

4    Plaintiff's claims of disabling limitations; (3) Plaintiff made multiple exaggerated or inconsistent

5    statements regarding her symptoms to multiple providers and at the administrative hearings; (4)

6    Plaintiff refused to take medication (other than Adderall) for her various mental diagnoses; (5)

7    Plaintiff's activities were inconsistent with her allegations; (6) Plaintiff declined or failed to

8    comply with treatment recommendations; and (7) Plaintiff made inconsistent statements

9    regarding her employment history, marijuana use, and tobacco use. AR at 1164-79. An ALJ's

10   reasons to discount a claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775

11   F.3d 1133, 1136-37 (9th Cir. 2014).

12       Plaintiff does not detail any particular error in the ALJ's findings, but instead generally

13   asserts that her problem was somatization, and the ALJ "fundamentally misunderstood Plaintiff's

14   impairments and limitations." (Dkt. # 21 at 17.) As noted by the Commissioner (dkt. # 22 at 3),

15   however, this argument does not show error in the ALJ's decision because Plaintiff's

16   "physicalizing her mental impairments" (dkt. # 21 at 17) supports the ALJ's interpretation that

17   Plaintiff is not a reliable source of information as to the most she can do despite her impairments.

18   *See, e.g.*, *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (noting that although the

19   plaintiff argued that "any lack of credibility is explained by [his] dependency and

20   somatization[,]" "[i]t stands to reason that the ALJ's finding that Chaudhry lacked credibility is

21   not undermined by diagnoses that themselves stemmed from Chaudhry's lack of credibility").

22       Plaintiff goes on to argue that Adderall did not help many of her mental symptoms (dkt. #

23   21 at 17), but the ALJ did not state otherwise. Instead, the ALJ found that Plaintiff's refusal to

take medication for those other symptoms undermined her allegation that they caused disabling limitations. *See* AR at 1176. The ALJ asked Plaintiff why she refused to take psychotropic medication at the hearing, and the ALJ found Plaintiff's descriptive of a general fear of side effects to be unpersuasive. *See id.* at 1246-47, 1176. Plaintiff has not shown that the ALJ erred in finding that Plaintiff's allegations were undermined by, *inter alia*, her personal preference to avoid treatment. *See Molina*, 674 F.3d at 1114-15.

Because Plaintiff has failed to show that any of the ALJ's reasons for discounting her testimony were erroneous, and many of them are unchallenged, the Court affirms the ALJ's assessment of Plaintiff's subjective testimony.

## V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 8th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge